O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ANTHONY GARCIA, | ) | CASE NO. ED CV 09-01615 SGL (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| JAMES D. HARTLEY, WARDEN, | ) | |
| Respondent. | ) | |

        The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court.  28 U.S.C. § 2244(d).  In most cases, the limitations period commences on the date a petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final:  the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on August 26, 2009. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On November 1, 2006, Petitioner entered a guilty plea to charges of assault with a deadly weapon and inflicting great bodily injury. He was sentenced to state prison for seven years. Pet. ¶ 2.

(b) Petitioner did not appeal. His conviction became final no later than January 2, 2007, when his 60-day deadline for seeking a certificate of probable cause expired. *See* CAL. R. CT. 8.304(b) (former Rule 30).

(c) Two years passed. On December 31, 2008, Petitioner filed a habeas petition in the California Supreme Court, which rejected relief on February 11, 2009.

\* \* \* \* \*

Petitioner's sole claim, based on *Cunningham v. California*, 549 U.S. 270, 293-94, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), is that he received an upper-term sentence based on findings made by a judge rather than by a jury beyond reasonably doubt. He presumably believes that *Cunningham* announced a "newly recognized constitutional right" justifying a new one-year AEDPA limitations period starting on January 22, 2007, the date of that decision. *See* 28 U.S.C. § 2244(d)(1)(C). But the Ninth Circuit held in *Butler v. Curry* that *Cunningham* did not announce such a "new rule." 528 F.3d 624 (9th Cir. 2008). The cases which *Cunningham* followed, namely *Apprendi v. New Jersey* and *Blakely v. Washington*, were decided in 2000 and 2004, respectively. *See generally Apprendi,* 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); *Blakely*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (holding that "the 'statutory maximum' for *Apprendi* purposes is the maximum

sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.")

Besides, Petitioner would be tardy even if *Cunningham had* announced a new constitutional rule. *Cunningham* was decided in January 2007, yet Petitioner did not file his California Supreme Court habeas petition asserting his *Cunningham* claim until 23 months thereafter.

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. No basis for equitable tolling appears from the face of the petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.


DATED:   September 1, 2009


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE